His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Mrs. Tompkins leased a residence to Mr. Perrin and Mrs. Lacy for a year “for and in consideration of a monthly rental of $87.50 (secured by twelve notes $60.00 each of T. J. Perrin, and twelve notes $27.50 each of M. P. Lacy) payable monthly, as evidenced by 24 rent notes bearing even date, etc.”
*53 Perrin paid his notes regularly though not promptly (except the last two) whilst Mrs. Lacy failed to pay hers for several months — both parties occupying the premises.
Plaintiff now seeks to hold Perrin for the notes issued by Mrs. Lacy, by the indirect method of suing Mrs. Lacy and Perrin in solido for the full amount of the unpaid rent, upon the theory of an indivisible obligation.
The obligation was certainly indivisible in this sense, that plaintiff was entitled to her whole rent or to the possession of her premises, each of the lessees taking the chance of the other failing to comply with the terms of the lease whether by non-payment of rent or otherwise, for instance by “using the premises for any other pnrpose than contemplated.”
But the lessor did not take advantage of her rights in this respect, ¡and the sole question is whether or not both tenants are personally liable each for the whole rent.
In our opinion it is simply a matter of interpreting the contract between' the parties. Whatever may be the liability of joint tenants when nothing is said on that subject, we are clearly of opinion that when the parties intend to limit their liability to the landlord and the latter consents therto, the contract and not the general rule is the law between the parties. (C. C., 1964.)
We think this contract evidences such intention. If the lessees meant to divide the rent simply as between themselves, and the lessor had no concern therein, then there was no reason whatever for mentioning the fact in the lease. Or, going a step further, if the lessor intended to look to both tenants for the whole rent, and the payments were divided solely for the convenience of the tenants, themselves,' then the most natural thing to do was to split up the notes to suit the convenience of the tenants, but have both tenants sign all notes.
*54 Opinion and decree, February 14th, 1916.
But when, as in this case ,one tenant signed notes for a part of the rent only and the other tenant signed notes for the balance, the whole being consented to by the lessor, the conclusion is irresistible that each tenant meant to bind himself for so much of the rent only as he signed notes for; and he cannot be held personally for anything more.
On .September 10th, 1914, and before the actual seizure herein made, defendant, Perrin, (the .appellant here) tendered plaintiff $90.00 with 10 per cent attorney’s fees thereon and all costs to that date; which tender was refused. In his answer defendant confessed judgment for said amount. Under our view of the case that was all that defendant then owed.
It is therefore ordered that the judgment appealed from be amended and recast so as to read as follows: It is ordered, adjudged and decreed that plaintiff, Mrs. Florence C. Tompkins, have judgment against the defendant, T. J. Perrin, for the full sum of ninety dollars, with interest and costs to the day of tender and ten per cent attorney’s fees thereon, and setting aside the seizure herein issued as to appellant, and as thus amended and recast the judgment is affirmed, plaintiff to pay the costs of appeal.
Judgment amended and affirmed.